# In the United States Bankruptcy Court
## for the
### Southern District of Georgia
#### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 4:48 pm, Jan 02, 2014

In the matter of: )
 )  Chapter 7 Case
 )
GEORGE D. MIXON, )
 )  Number 13-41420
 )
        *Debtor.* )

### OPINION AND ORDER OVERRULING OBJECTION TO CLAIM OF EXEMPTION

Before the Court is an Objection to Claim of Exemption filed by Lynette P. Turns ("**Turns**"), a judgment creditor. (Dckt. 17.) Turns objects to the amount of the Debtor's claimed exemption in certain real property known as 19275 Hwy 144, Richmond Hill, Georgia, on the grounds that the amount claimed ($43,000) is "excessive" and because George D. Mixon ("**Debtor**") claimed an exemption pursuant to O.C.G.A. § 44-13-100(a)(1) "with respect to property on which he or a dependent does not live." (Dckt. 17, ¶ 4.) The Court took the matter under advisement following the hearing held on November 5, 2013. (Dckt. 27.) The Court invited both Debtor and Turns to file post-hearing briefs, but only Turns chose to file a brief. (Dckt. 26.) After reviewing the record, the Court enters the following Findings of Fact and Conclusions of Law.[1]

---

[1] The Court has taken judicial notice of certain facts reflected in the docket of this case *and* in Debtor's prior Chapter 13 case, *In re Mixon*, No. 11-41568-LWD (Bankr. S.D. Ga.) (Davis, J.), that was voluntarily dismissed on June 18, 2013. Order of Dismissal at Debtor's Request, *id.* (Bankr. S.D. Ga. June 18, 2013), ECF No. 153.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

Debtor previously filed a Chapter 13 case on August 1, 2011 that was voluntarily dismissed on June 18, 2013. Debtor filed the present Chapter 7 case on August 5, 2013. (Dckt. 1.)

Debtor owns a manufactured home and approximately 13.552 acres of land in Bryan County, Georgia where the home is located ("**Property**"). The Property is subject to a mortgage debt to First Bank of Coastal Georgia. The Property is also encumbered by a judgment lien held by Turns. She filed a proof of claim on October 11, 2011 in the prior Chapter 13 case showing a balance on that judgment of $46,635.35. Proof of Claim, *In re Mixon*, No. 11-41568-LWD (Bankr. S.D. Ga. Oct. 11, 2011), ECF Claim Register No. 3-1, at 1.

In the instant case, Debtor described the real property in his Schedule A as follows:

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deduction any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 19275 Hwy 144 Richmondhill, GA 31324 Doublewide Mobilehome<br><br>Value $160,00 per court order on | none | H | 160,000.00 | 90,000.00 |

| | | | | |
|---|---|---|---|---|
| valuation 8/10/2012, LWD<br><br>Maureen Bryant has property listed (912) 441-3053 | | | | |

(Dckt. 1 at 10.)

In his 2011 case, Debtor's Schedule A, as originally filed, described the land as follows:

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deduction any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| real property and double wide was never in Karmin Mixon's name, listed to show it was security for the loan which is a joint obligation.<br><br>19275 Hwy 144<br>Richmondhill, GA 31324<br>Doublewide Mobilehome<br><br>two parcels:<br><br>.87 acres with county value $23,640<br>12.6 acres with county value $168,380<br>Debtor, Dwayne Mixon estimated the value at $700,000 due to | none | H | 192,020.00 | 97,000.00 |

| location and the market at the time of filing. | | | | |
|---|---|---|---|---|

Schedule A, *In re Mixon*, No. 11-41568-LWD (Bankr. S.D. Ga. Aug. 1, 2011), ECF No. 1, at 8. Later, Debtor amended Schedule A to claim a value of $118,603.00 for the Property. Amended Schedule A, *id.* (Bankr. S.D. Ga. Jan. 9, 2012), ECF No. 54, at 1; Amended Schedule A, *id.* (Bankr. S.D. Ga. Mar. 21, 2012), ECF No. 64, at 1. On July 9, 2012, Debtor once again amended his Schedule A to claim a value of $110,000.00 for the Property. Amended Schedule A, *In re Mixon*, No. 11-41568-LWD (Bankr. S.D. Ga. July 9, 2012), ECF No. 75, at 1. Subsequently, Judge Davis determined the value of the Property to be $160,000.00. Op. & Order on Valuation, *id.* (Bankr. S.D. Ga. Aug. 10, 2012), ECF No. 81, at 4–5.

At the November 5, 2013 hearing, only Debtor testified. Based on his testimony and certain stipulations of the parties, the Court makes these additional findings of fact:

(1) Debtor is married and has been for more than 20 years;

(2) the Property is titled solely in Debtor's name;

(3) Debtor and his wife have lived on the Property since it was purchased;

(4) when Debtor originally acquired the Property in 1987, it was described in a Security Deed, which was included in First Bank of Coastal Georgia's Proof of Claim filed in Debtor's 2011 case, *In re Mixon*, No. 11-41568-LWD (Bankr. S.D. Ga. Nov. 30, 2011), ECF Claim Register No. 6-1, at 14–19, as two parcels: Tract A consisting of 12.686 acres and Tract C consisting of 0.866 acres, but it was purchased as one piece of land;

(5) the combined tracts are roughly rectangular in shape, and there is a single point of ingress, a private road that intersects U.S. Highway 144;

(6) Debtor uses this private road, which extends through substantial portions of the Property, as his driveway, and it leads to the back of the Property and ends near where Debtor's manufactured home is located.

(7) Debtor's parents purchased a manufactured home which was placed on the Property, and Debtor's mother continues to reside in that manufactured home;

(8) in an effort to sell a six-acre portion of the Property, Debtor had a plat ("**Proposed Plat**") prepared which proposed to subdivide the Property into Lot A (1.41 acres), Lot B (1.34 acres), Lot C (3.45 acres), and Lot D (6.00 acres); this plat was attached as Exhibit "D" to Debtor's Motion to Sell Real Property in his 2011 case, *In re Mixon*, No. 11-41568-LWD (Bankr. S.D. Ga. Mar. 13, 2013), ECF No. 129, at 15;[2]

(9) the Proposed Plat, however, has never been recorded in the property records of Bryan County, nor has Debtor conveyed any part of the Property;

(10) Debtor continues to reside in the manufactured home at the back end of the 13.552 acres of land but he occupies the entire property as his residence.

## CONCLUSIONS OF LAW

This is a core matter under 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction pursuant to 28 U.S.C. § 1334. Georgia "opted out" of the federal exemptions

---

[2] A copy of the Proposed Plat was also attached as Exhibit "A" to the Objection to Claim of Exemption filed by Turns. (Dckt. 17-1.)

provided for in 11 U.S.C. § 522(d). Therefore, Georgia debtors are only permitted to exempt property under state law or federal law other than § 522(d). Georgia's bankruptcy specific exemptions are set forth in O.C.G.A. § 44-13-100. In Debtor's Schedule C, he claimed an exemption in the Property in the amount of $43,000 pursuant to O.C.G.A. § 44-13-100(a)(1), which allows an exemption as follows:

> The debtor's aggregate interest, not to exceed $21,500.00 in value, in real property or personal property *that the debtor or a dependent of the debtor uses as a residence*, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. In the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $43,000.00[.]

O.C.G.A. § 44-13-100(a)(1) (emphasis added). Turns objects to Debtor's claim of exemption of $43,000 in the Property as "excessive." Focusing on the limiting language of O.C.G.A. § 44-13-100(a)(1), Turns argues that the exemption cannot be claimed with respect to that part of the Property that neither Debtor nor one of his dependents lives on. Turns asserted in her objection the following:

> The Property is divided into two tracts. The first is a .87 acre tract on which Debtor's mother reportedly lives. The second tract is 12.69 acres. The Debtor has further subdivided the larger tract into 3 smaller tracts held for sale. A plat of the further subdivision is attached to this objection as Exhibit A. The plat was prepared for the Debtor and submitted by the Debtor in support of an application for leave to sell 6 acres and his mobile home for a gross sales price of $120,000. The application was filed as docket #129 in prior case 11-41568.

(Dckt. 17, ¶ 2.) Relying on Debtor's Proposed Plat with its multiple tracts, Turns objects to Debtor spreading the exemption across all of the tracts including those on which, purportedly, neither he nor a dependent resides. (Dckt. 29, at 4.)

Exemptions are liberally construed in favor of the debtor. *See In re McFarland*, 481 B.R. 242, 248 (Bankr. S.D. Ga. 2012) (Barrett, J.). The party objecting to an exemption has the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). The objecting party must overcome the prima facie effect of the claim of exemption by a preponderance of the evidence. *In re Holt*, 357 B.R. 917, 921 (Bankr. M.D. Ga. 2006).

A $43,000 homestead exemption for spouses may only be used if the residence is titled in only one spouse and that spouse is the debtor. *In re Hiers*, No. 03-51446-JDW, 2005 WL 4980260, at *2 (Bankr. S.D. Ga. Sept. 26, 2005) (Walker, J.) (interpreting a former, nearly identical version of the exemption statute when the exemption limit was $20,000, rather than $43,000, and finding that because the property was jointly owned on the date of the bankruptcy filing, the $43,000 exemption amount did not apply to an individual debtor). As Turns's counsel conceded at the November 5, 2013 hearing, the $43,000 exemption limit is correct in this case based on the fact that the Property is titled solely in Debtor's name, he is married, and his wife is not a codebtor in his bankruptcy case. Therefore, the $43,000 exemption limit applies to Debtor's case.

The only remaining issue is whether the exemption should extend to the Property in its entirety or instead be limited to some portion of it based on Debtor's "use" of the same as his residence.[3] More specifically, Turns suggests first that the .87 acre[4]

---

[3] The record is unclear as it relates to the total acreage owned by the debtor. As stated above, Debtor claimed acreage of 0.87 acres and 12.6, for a total of 13.47 acres, in his 2011 Schedule A. During the hearing, counsel for the parties reviewed the Proof of Claim filed by the first lienholder in the 2011 case and confirmed that the Security

AO 72A
(Rev. 8/82)

7

tract is occupied by Debtor's mother (who is not his dependent), and secondly, that the remaining 12.69 acres has been further subdivided and is not all used as Debtor's residence. As to the first point, it is undisputed that Debtor's mother resides in her own manufactured home somewhere on the total 13.552 acre parcel, but there was no testimony that she resided on a .87 acre tract. Secondly, aside from the fact that Debtor's mother also resides on the Property, there was no testimony that Debtor limited his use of the Property to less than the entire 13.552 acres.

As an initial matter, Debtor's Proposed Plat is just that, a proposal, and does not create new tracts of land for purposes of limiting the property in which Debtor may claim an exemption under Georgia law. *See In re Allman*, 286 B.R. 402, 407 (Bankr. D. Ariz. 2002) (interpreting the relevant homestead exemption to "include the entire contiguous parcel of land on which the mobile home sits, regardless of whether it consists

---

Deed made reference to two parcels (A and C), namely: 0.86 acres and 12.65, for a total of 13.51. A closer look at that Proof of Claim reveals property descriptions that identify metes and bounds for two tracts of land: Tract A (less and except A-1) as 12.686 acres and Parcel C as .866 acres, for a total of 13.552 acres. The Court admitted into evidence Movant's Exhibit 3 which is an undated plat depicting Parcel A as 12.685 acres and Parcel C as 0.866 acres. Exhibit "A" attached to Turns's objection purports that there is 13.55 acres in the "total area," but the individual lots do not add up to that figure: Lot A = 1.41 acres, Lot B = 1.34 acres, Lot C = 3.45 acres, and Lot D = 6.00 acres, for a total of 12.2 acres, excluding the parallelogram in the northwest corner of the plat marked "Mixon Lane." For purposes of this opinion, the Court will use the 13.552 acres figure taken from the Security Deed.

[4] The source of this tract description is not clear from the record. Three exhibits were entered in evidence. Movant's 1 (Motion to Sell Real Property from case no. 11-41568) included a plat reflecting a manufactured home on a 1.34 acre tract. Movant's 2 and Movant's 3 (both plats) make reference to a .866 acre tract but not a manufactured home. Whether the Debtor's mother lives on the 1.34 acre tract or the .866 acre tract does not change the Court's analysis in this case.

of one or more lots as determined by the subdivision plat or assessor's parcel numbers, and regardless of whether all of the land was purchased simultaneously, unless there is evidence that a subdivided portion of the entire parcel is not being used for residential purposes"); *In re Coin*, 241 B.R. 258, 259–60 (Bankr. S.D. Fla. 1999) (overruling the trustee's objection to debtors' claim of exemption where the debtors claimed a homestead exemption in five contiguous lots, requested the county tax assessors office to tax each lot individually, and claimed a homestead tax exemption only in the lot containing their residence). *But see In re Kology*, 499 B.R. 20, 34–40 (Bankr. D. Mass. 2013).

By her objection, Turns would have the Court exclude from Debtor's residence portions of land that were purchased together by Debtor in the same deed. But, Debtor has lived on the Property since its purchase and has neither rented nor sold any portion of it. Turns cites to no case authority, and the Court could locate none, that would justify this result. All of the Property at issue is owned by Debtor. Even accepting Turns's unsupported assertion that Debtor's parents may have placed a manufactured home on the .87 acre tract, that would not defeat Debtor's claim of exemption in that part of the Property. A debtor who allows additional family members (or even non-family members) to reside with him does not forfeit his entitlement to the full exemption in the property.

This is *not* a case involving contiguous land that the debtor does not occupy as his residence such as the court found in *In re Holt*, 357 B.R. at 923–24 (sustaining the trustee's objection to the debtor's claim of exemption in a block house located on land contiguous to the debtor's homestead because it was used as *rental*

*property* and, therefore, was not a residence under the plain meaning of O.C.G.A. § 44-13-100(a)(1)). As Judge Laney stated in *In re Holt*: "As to the claimed exemption in the block house and its real property, there is simply no authority under Georgia law to extend the reach of O.C.G.A. § 44-13-100(a)(1) to *rental* property belonging to Debtors where that property is contiguous to Debtors' residence." *Id.* at 924. Unlike in *In re Holt*, Debtor has not ceased using any portion of the Property as his residence by devoting some portion of it to rental purposes. There was no evidence that Debtor's mother is a tenant of Debtor.

A review of the case law reveals that much more is required before a bankruptcy court should decide that contiguous land is not part of a debtor's residence for the purposes of claiming a homestead exemption. *See, e.g., Lanier v. Beaman*, 394 B.R. 382, 384 (E.D.N.C. 2008) ("A reasonable assessment of the law dictates that 'residence' does not include land bought separately from the land on which a home is located; separated by a fence; on which there are no structures; on which no family member parks or stores equipment; and on which activity occurs that is entirely separate from the day to day activities normally expected in a residence."). In the case at bar, Debtor acquired the 13.552 acres of land as one piece of property despite the fact that the legal *description* made reference to multiple tracts. Those tracts were not separately purchased or used for separate purposes. Together, they compromise Debtor's residence. Accordingly, Turns's objection to Debtor's claim of exemption must be overruled.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Objection to Debtor's Claim of Exemption (Dckt. 17) filed by Lynette Turns is OVERRULED.

Dated at Savannah, Georgia, this 2nd day of January, 2014.

Edward J. Coleman, III
United States Bankruptcy Judge